PETER PINO, PLAINTIFF, v. JOHN BERTONE, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided June 26, 1953.

*Mr. Virgil J. Lanni*, attorney for plaintiff.

*Mr. James Rosen*, attorney for defendant.

DREWEN, J. C. C. (temporarily assigned). Complaint is filed in lieu of *mandamus*, to compel the execution by defendant of a warrant for possession, issued out of the Hudson County District Court and affecting premises owned by plaintiff. It is by way of addition only that the complaint describes defendant as a constable of Hudson County. It is not alleged directly that he held such an office, nor that he was under any obligation to discharge the duties thereof. Defendant moves for summary judgment and a dismissal of the complaint pursuant to *Rule* 3:56-3.

From the complaint it appears that on October 28, 1952, after hearing in the Hudson County District Court, Part IV,

judgment for possession was granted plaintiff against one Howe Heatly, described as plaintiff's tenant. The premises are not identified, and the grounds upon which the judgment for possession was awarded are not set forth. From the complaint it further appears that on February 24, 1953, pursuant to notice, the date for issuance of the warrant was advanced to March 1, 1953. The grounds set forth in the notice to advance are alleged in the complaint as "your habitual failure to pay your rent on time; and that as of this date (February 17) you are two months in arrears." The grounds upon which the order to advance was actually based are likewise not shown.

It is next alleged that the tenant not having vacated on March 1, 1953, the warrant was issued on the following day, with the further averment that on three occasions prior to the period of the two months arrearage already mentioned, and between January and December 1952, plaintiff had been required "to go to the expense of dispossess proceedings for non-payment of rent four times." All of the recited allegations are brought to focus in the complaint's final paragraph which reads:

"That said defendant, John Bertone, Constable of Hudson County without being served with any restraining order and contrary to due process of law and contrary to rules of civil practice pertaining to the District Courts of this state, refuses and neglects to execute the warrant of eviction as he is commanded so to do by said warrant."

At the outset it is pertinent to notice that the complaint itself is devoid of any allegation that defendant, as constable of Hudson County, was at the time or times in question attached to the court out of which the warrant issued; that it is likewise devoid of any allegation that the warrant was ever issued to defendant, as constable or otherwise, for execution by him; and devoid also of any charge that defendant knew or had reason to know at the time or times in question of the existence of such a warrant. There is, moreover, no allegation of the tenor of the warrant's mandate.

The affidavits are not in material conflict, and from them it appears that the facts hereinafter dealt with constitute the

basis on which *mandamus* is sought. On March 2, 1953 the warrant issued. On March 3, 1953, defendant was informed, correctly as it turned out, that payment of the aforementioned two months' arrearage in rent had been accepted by the landlord on February 24, that is, on the return day of the notice to advance the warrant's issuance. Because of the omissions in plaintiff's allegations as already noted, there is nothing to make it appear but that the payment of such arrearage had removed all ground for the eviction. At any rate, there is no denial of the statement in defendant's affidavit that the landlord's receipt, exhibited by the tenant to defendant on March 5, was for the payment of a sum as "representing two months' rent, dated February 24, 1953, which rent constitutes the arrearage that was the subject of the proceedings that accelerated the removal warrant."

Plaintiff's attorney says in his own affidavit that on March 7 he communicated with defendant by telephone, and was then advised by him that upon his informing the district court judge of the tenant's payment as shown by the aforementioned receipt, the judge had ordered that he proceed no further with the warrant's execution. Three days after this telephone conversation the attorney caused the moving papers in the instant suit to be filed in the office of the clerk at Trenton, that is on March 10, the very day, as it happened, on which defendant was informed by the tenant that he was then vacating the premises. On March 11 defendant found the premises vacated. Six days later, that is on March 17, summons in the present suit was served.

What I judge to be a fact of salient import in the general situation is defendant's undenied recourse to the district court judge for advice in the face of the landlord's acceptance of the two months' rent arrearage. And it is significant that counsel, upon learning of the judge's direction to defendant, did not take similar recourse himself so as to acquaint the judge with whatever counsel deemed his client's right to be, notwithstanding the payment. He argues "it would be setting a bad precedent to allow a constable to refuse to execute a warrant of eviction, if he could after *mandamus* suit, per-

form his duty, and then *ipso facto* nullify the *mandamus* proceedings, without payment of costs and without being liable for an action for damages to the plaintiff." Reading this proposition in the light of the facts its logic seems to be in reverse. There was no refusal to execute. There is no question of a performance of duty after *mandamus* suit. The officer had brought about the removal of the tenant well before he could have known that such a suit was contemplated. There is nothing to show what time limit, if any, was fixed for the execution of the warrant. The officer was not dilatory by any standard save that of the peremptory requirement of plaintiff's attorney. When defendant told him of the judge's advice and direction, the attorney wished only to know whether a restraining order had been served upon him against execution of the warrant. The attorney says that upon being informed there had not he declared to defendant "that is all I wanted to know." The peremptory finality conveyed by this dictum tells its own story.

▉ The court has an inherent right to exercise control over its ministerial officers and its own process. *Cf. Stebbins v. Walker,* 14 *N. J. L.* 90 *(Sup. Ct.* 1833). Within the limits of reason this principle holds by hard necessity, without the need of particular precedent; and considering the district court judge's uncontradicted exercise of control over the warrant here in question, it is more than doubtful that plaintiff would in any case have the right to *mandamus* against the ministerial officer rather than against the judge himself.

▉ Plaintiff is preoccupied with the collection of costs, at the same time reserving to himself "the right to bring any action for damages in amercement against the constable in an independent action." Where one is not entitled to *mandamus* he is not entitled to costs. *Frank v. Frank,* 7 *N. J.* 225, 234 *(Sup. Ct.* 1951).

▉▉ In *Evans v. Villani,* 19 *N. J. Super.* 86 *(App. Div.* 1952), there are doctrinal pronouncements on *mandamus* that are altogether too pertinent to be presently omitted. The court says *(pp.* 93–94) :

"*Mandamus* was anciently. designed to remedy a wrong, not to promote one. It has not been issued where it would contribute aid to the effectuation of a palpable injustice. Its issuance must be sought in good faith. Indeed, it may be refused when the purpose of the proceeding is to compel a technical or literal compliance with the law which would be contrary to its spirit. *Duncan Townsite Co. v. Lane*, 245 *U. S.* 308, 38 *S. Ct.* 99, 62 *L. Ed.* 309 (1917) ; *Beronio v. Pension Commission of Hoboken*, 130 *N. J. L.* 620, 624 (*E. & A.* 1943) ; *Ferris, Extraordinary Legal Remedies* 233, *sec.* 200 ; 2 *Bailey on Habeas Corpus and Special Remedies* 810 ; 34 *Am. Jur.* 830, *sec. 34.* It may be regarded as the accepted doctrine that courts in the exercise of their discretionary power to grant an extraordinary legal remedy of a prerogative character will be to some extent controlled by equitable principles. The courts will act in view of all of the facts and circumstances, according due consideration to the equities, the efficacy or futility of the judgment and to whether the mandatory judgment will conduce to substantial justice or, on the contrary, tend toward injustice, hardship, or oppression. 34 *Am. Jur.* 833, *sec.* 40 ; 55 *C. J. S.* 31, *sec.* 9. They will particularly envision the public interests which may be implicated. The remedy in the nature of *mandamus* invoked in a matter of some measure of public concern ordinarily will be denied if compliance with such a mandate would. work a public injury or embarrassment. *United States ex rel. Greathouse v. Dern*, 289 *U. S.* 352, 53 *S. Ct.* 614, 77 *L. Ed.* 1250 (1933) ; *Beronio v. Pension Commission of Hoboken, supra* ; 34 *Am. Jur.* 830, *sec. 35.*"

By way of summary upon the situation as a whole, I think it can be soundly observed that doubt is among the commonest forms of intelligence; and that it is not at all apparent how it could be regarded as propitious, either for the general good or for the dignity of the law, that a constable should be so crassly myrmidon as to be entirely devoid of the doubting faculty when reasonably challenged by a question of the legal rightness of a family eviction, ordered to occur in the season of winter, during a housing crisis, and when, according to. the tenant's receipts, his rent is current.

It is my opinion that defendant is entitled to summary judgment in accordance with the rule.